UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDREW J. SLOCK, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:16-CV-753 JD |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Andrew J. Slock, a *pro se* prisoner, filed a habeas corpus petition challenging a prison disciplinary hearing (ISO-16-08-016) conducted at the Indiana State Prison, where he was found guilty of engaging in an unauthorized financial transaction in violation of Indiana Department of Correction (IDOC) policy B-220. ECF 1 at 1. The Conduct Report states:

> on 8-6-16, at approx. 14:15 while shaking down Slock A. 197525 W-1, R-1, B-2A five (5) pieces of paper was (sic) found containing thirteen (13) unauthorized financial transaction numbers wrapped in plastic bag that contained a bar of state indigent soap up against the wall in his bed area. Numbers sent to evidence locker ISP guard hall.

ECF 4-1 at 1. Slock's hearing was held on August 19, 2016, by the Disciplinary Hearing Officer (DHO). ECF 1 at 1. Slock was sanctioned with the loss of 75 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. *Id.*

Slock argues that the DHO had insufficient evidence on which to find him guilty. ECF 1 at 2. According to Slock, the DHO "never proved" that the numbers were financial transaction numbers. *Id.* Slock points out that the numbers confiscated from his cell were each 10-digits long, and that credit and debit card numbers contain 16-digits. *Id.*

In the disciplinary context, "the relevant question is whether there is any evidence in the

record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786.

The IDOC defines offense B-220 as "[e]ngaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

During his hearing, Slock told the DHO that the numbers were not long enough to be credit card or debit card numbers. ECF 4-6 at 1. He also stated that the numbers were phone mailbox numbers. *Id.* The DHO researched the confiscated numbers on two websites: http:www.allareacodes.com and http:www.exactbins.com. ECF 4-4 and 4-6. When the DHO checked allareacodes.com, he discovered that ten of the thirteen numbers were not possibly phone

numbers. *Id.* at pp. 1-11. The DHO then checked exactbins.com to determine whether the numbers possessed by Slock were associated with any credit or debit card numbers. This website allows a user, such as the DHO, to input the first six digits of a number and the site identifies whether those digits match any bank identification number. "The first six digits of any debit or credit card number is the Bank Identification Number ("BIN"). A BIN identifies the bank or institution that issued the card and the ATM network that the card belongs to." *Burns v. First Am. Bank*, No. 04 C 7682, 2006 WL 3754820, at *11 (N.D. Ill. Dec. 19, 2006). "ATMs do not store users' names. Instead they keep track of each transaction by assigning a 10-digit identification number to it. The first six digits identify the user's bank; the last four identify that user." *Hughes v. Kore of Indiana Ent., Inc.*, 731 F.3d 672, 676 (7th Cir. 2013). The DHO learned that the first six digits of the numbers found in Slock's possession contained bank identification numbers. ECF 4-6; ECF 4-4 at pp. 12-14.

The DHO had sufficient circumstantial evidence to find Slock guilty of violating IDOC B-220. A hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992). Here, the circumstantial evidence was sufficient for the DHO to determine that Slock had violated IDOC B-220 by possessing identifying information of a credit, debit, or other card used to complete a financial transaction. The DHO considered Slock's statements at the disciplinary hearing, the video evidence, the photo evidence, the Conduct Report, the confiscation review form, and the results of the internet search. The DHO was able to confirm that 10 of the 13 numbers were not possibly phone numbers, and Slock was unable to provide any other explanation for what the numbers were or why he had them. To the contrary, the DHO confirmed that the first six digits of the numbers contained BIN numbers of credit or debit cards, and was aware that Slock had intentionally concealed the numbers to avoid detection. Together, this was "some evidence" that Slock violated IDOC B-220. Although Slock denies that

the numbers contain identifying information of any bank, debit or credit card, it is not the province of this court to reweigh the evidence. *McPherson*, 188 F.3d at 786.

For the reasons set forth above, the petition (ECF 1) is **DENIED**. The clerk is **DIRECTED** to close this case.

SO ORDERED.

ENTERED:  May 9, 2017                             /s/ JON E. DEGUILIO
                                                                                  Judge
                                                                                 United States District Court